**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: December 05 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 04-34649 |
| | ) | |
| Paul V. Justen, Jr. and | ) | Chapter 7 |
| Linda M. Justen | ) | |
| | ) | Adv. Pro. No. 05-3422 |
| Debtor. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Paul V. Justen, Jr., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| State of Ohio, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDERS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION FOR LEAVE TO FILE ANSWER INSTANTER

This adversary proceeding is before the court on Plaintiffs' motion for default judgment [Doc. # 17], the State's opposition [Doc. #20], the State's motion for leave to file its answer instanter [Doc. # 21] and

the parties' supplemental memoranda in support of their respective positions [Doc. # 28 & 29].[1] In this adversary proceeding, Plaintiffs, debtors in the underlying Chapter 7 case, seek to enjoin the State of Ohio ("the State") from pursuing a criminal prosecution of Plaintiff Paul V. Justen, Jr., for theft, which they contend is in violation of the automatic stay and/or discharge injunction.[2] The court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(b) and the general order of reference entered in this district. Proceedings to determine whether the automatic stay or discharge injunction have been violated are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2). For the reasons that follow, Plaintiffs' motion for default judgment will be denied, and the State's motion for leave to file an answer will be granted.

## BACKGROUND

On December 1, 2005, Plaintiffs filed a complaint for injunctive relief against the State, seeking to enjoin the criminal prosecution of Plaintiff/Debtor, Paul V. Justen ("Justen"), who served as President and owner of Service Products Insulation and Fire Barrier Corporation, for theft of certain deductions from employee paychecks that were payable to the International Association of Heat & Frost Insulators and Asbestos Workers' Local No. 45 ("Local 45"). The criminal proceeding was pending in the Court of Common Pleas in Lucas County, Ohio. Plaintiffs' adversary complaint was filed after the court granted Plaintiffs' motion to reopen their Chapter 7 case, in which they had received a discharge and which had been initially closed on October 5, 2004.[3] A summons was issued on December 29, 2005, and was duly served on the Lucas County Prosecutor on January 3, 2006. The summons indicated that a pretrial conference would be held on February 7, 2006. The State's answer was due on or before January 30, 2006. The State filed neither an answer nor a request for extension of time to do so and failed to appear at the February 7

---

[1] Plaintiffs move for default judgment or, alternatively, for summary judgment, and the State's opposition includes a cross-motion for summary judgment. The court addresses Plaintiffs' summary judgment motion in a separate Memorandum of Decision and, as discussed in this Memorandum of Decision, will hold the State's motion for summary judgment in abeyance until further order of the court.

[2] Although the complaint does not specifically indicate the legal basis for seeking an injunction, the allegations in the complaint refer to steps in the criminal prosecution taken both during the pendency of Plaintiffs' Chapter 7 case and after Plaintiffs' discharge was entered and their Chapter 7 case was closed.

[3] Plaintiffs' Chapter 7 case was reopened once before in order to allow them to seek injunctive relief against the State. Although Plaintiffs filed a motion for stay of criminal proceedings, that motion was subsequently withdrawn and the case was again closed on August 18, 2005, after the criminal charges were dismissed without prejudice. However, the case was again presented to the grand jury in Lucas County, Ohio, and Justen was again indicted for the conduct alleged in the previous indictment. Plaintiffs then successfully sought to reopen their Chapter 7 case a second time.

2

pretrial conference.

However, the State did appear on January 20, 2006, at a hearing in this case on a motion for temporary restraining order and preliminary injunction filed by Plaintiffs. On January 31, 2006, based on facts set forth in the motion, Justen's affidavit and the court record, the court entered a Memorandum of Decision and Order denying the motion without prejudice. In discussing the likelihood of Plaintiffs' success on the merits of their complaint, the court found no basis for enjoining the criminal prosecution in order to remedy a violation of the automatic stay since neither the facts advanced by Plaintiffs nor the law supported a finding of a violation of the stay. [Doc. # 10, p. 4-5]. With respect to Plaintiffs' argument that the criminal proceeding was being used to collect a debt that has been discharged in bankruptcy, the court noted two circumstances where courts have found that a criminal prosecution violates the discharge injunction. The first, where the statute under which the individual is prosecuted simply criminalizes a debtor's failure to pay the debt in question, the court found did not apply since the Ohio statute targets conduct that is distinguishable from simply failing to pay an ordinary debt. [*Id.* at 6]. With respect to the second circumstance, requiring proof that the prosecutor is not pursuing prosecution to deter crime or to punish or rehabilitate the accused but, rather, is pursuing the prosecution for the sole benefit of a creditor, the court found that there was not a strong likelihood of success on the merits since a prosecutor seeking restitution in a criminal proceeding, without more, is not proof that the criminal prosecution is being used to collect a discharged debt, and Plaintiffs offered no evidence or argument suggesting that the prosecutor is acting solely for the benefit of Local 45. [*Id.* at 6-7].

On February 3, 2006, after the court denied the motion for temporary restraining order, Justen entered a plea of no contest to the criminal charges and was convicted of a fourth degree misdemeanor. A thirty-day suspended sentence was imposed with a restitution order.

The initial pretrial scheduling conference on the adversary complaint was held on February 7, 2006. As there was no appearance on behalf of the State, the court entered an order requiring Plaintiffs to file an appropriate dispositive motion by April 10, 2006, and the State to file any opposition by May 10, 2006. Notice of that order was sent to the Lucas County Prosecutor by regular mail. The State does not contend that it did not receive such notice.

Plaintiffs filed a timely motion for default judgment or, alternatively, for summary judgment. The State did not file their opposition until June 9, 2006, four days before the motion was set for hearing. On June 9, the State also filed a motion for leave to file its answer.

## LAW AND ANALYSIS

The court addresses Plaintiffs' motion for default judgment and the State's motion for leave to file its answer together as related issues apply to both motions. At the hearing on the motions, the court requested additional briefing with respect to the State's motion for leave in order to address the factors attendant to the excusable neglect standard of Bankruptcy Rule 9006(b)(1) for allowing late filings when the request is made after expiration of the time specified under the rules or by order of the court. However, on further review, for the reasons discussed below, the court concludes that the lesser standard of "good cause" under Rule 55(c) of the Federal Rules of Civil Procedure is the appropriate standard to apply in determining the State's motion for leave.

Under Rule 55, obtaining a default judgment is a two step process: entry of default under Rule 55(a) and subsequent entry of judgment by default under Rule 55(b). Plaintiffs have not requested an entry of default, and the clerk has not entered a default pursuant to Rule 55(a). A court may set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c). This determination is left to the sound discretion of the trial judge. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Given the strong preference for trials on the merits in federal courts, to the extent that a party seeking to file an untimely answer would be entitled to have an entry of default set aside if it were entered, that party should be granted leave to file an answer. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (stating that "[t]rials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default"); *Cmty. Ins. Co. v. Kirk*, No. C2-01-620, 2002 WL 1586306 (S.D. Ohio 2002) (finding it improper to strike the defendant's untimely answer since he could demonstrate "good cause" to set aside any default that might be entered). Thus, the court considers whether the State's arguments demonstrate good cause under Rule 55(c) in determining both Plaintiffs' motion for default judgment and the State's motion for leave to file its answer.

The Sixth Circuit has set forth three factors to be considered in determining whether good cause exists for setting aside an entry of default. First, the court must consider whether the plaintiff will be prejudiced by setting aside the default. *Shepard Claims Serv., Inc.*, 796 F.2d at 194. To be considered prejudicial, it must result in more than delay – "the delay must result in tangible harm, such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996); *United Coin Meter Co.*, 705 F.2d at 845

4

("[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment."). In this case, there is no evidence that the delay resulted in a loss of evidence, increased difficulties of future discovery, or greater opportunity for fraud or collusion. There is evidence of tangible harm, however, in that the State's five month delay in seeking to file an answer resulted in Plaintiffs incurring the expense of filing and prosecuting a motion for default judgment. While this factor weighs against setting aside an entry of default and, thus, against allowing the State to file an untimely answer, the court may, as an alternative to the harsh sanction of default, assess a monetary sanction against the State for its conduct that caused the expense incurred by Plaintiffs. *See id.* at 195 (reversing the district court's order refusing to set aside entry of default and noting that the court is not precluded from assessing an appropriate sanction for the delay occasioned by the careless and inexcusable conduct of defendant's counsel).

In addition, while no difficulty in conducting future discovery has been demonstrated, the court finds tangible harm in that Plaintiffs have been unable to conduct any discovery up to this point in time. The State has filed a motion for summary judgment that is based, at least in part, on the fact that Plaintiffs have no evidence demonstrating an element of their claim. A reasonable alternative to a sanction of default, however, is to hold the State's motion for summary judgment in abeyance until Plaintiffs have the opportunity to conduct appropriate discovery.

The court next must consider whether the defendant has a meritorious defense. *Shepard Claims Serv., Inc.*, 796 F.2d at 194. A meritorious defense is a "'defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" *Thompson*, 95 F.3d at 434 (quoting *INVST Fin'l Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (1987)). The State alleges as its seventh defense that "[a]ny actions taken by the State of Ohio through the Lucas County Prosecutor's Office which may have affected Plaintiffs were undertaken in good faith, without malice or recklessness and were within the execution of duties imposed by the Ohio Revised Code." [Doc. # 23]. As this court made clear in its order denying Plaintiffs' motion for temporary restraining order, in order to prevail in this case, Plaintiffs must prove that the prosecutor was not acting in good faith in pursuing Justen's prosecution, that is, that he was not pursuing the prosecution for the purpose of deterring crime or punishing or rehabilitating the accused but, rather, to collect a debt discharged in bankruptcy or to impose sanctions for failure to pay such a debt. The State's allegations, if true, would constitute a complete defense to Plaintiffs' claims and, as such, raise a meritorious defense.

5

Finally, the court must consider whether culpable conduct of the defendant led to the default. *Shepard Claims Serv., Inc.*, 796 F.2d at 194. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* The State argues that the assistant prosecutor handling Justen's criminal prosecution and who had represented the State at the hearing on the motion for temporary restraining order was unfamiliar with bankruptcy court procedures. The State further argues that after the court's order denying the motion for temporary restraining order was entered and after subsequently being contacted by Justen's attorney to work out a resolution of the criminal matter, the assistant prosecutor mistakenly believed the case was resolved and required no further participation by the prosecutor's office. Although ignorance of the law or mistakes construing the law or the rules do not constitute excusable neglect, "it is not necessary that the conduct be excusable to qualify for relief under the "good cause" standard of rule 55(c). *Id.* The court does not believe that the assistant prosecutor's conduct was undertaken with an actual intent to thwart judicial proceedings or in reckless disregard for the effect of his conduct on those proceedings but rather was due to his ignorance of, and/or mistake construing, the law and relevant procedural rules.

When a plaintiff suffers no prejudice by reason of an untimely answer and the defendant has presented a meritorious defense, the Sixth Circuit has found it an abuse of discretion for a court to refuse to set aside an entry of default in the absence of culpable conduct on the part of defendant. *See id.* While it is true that, in this case, Plaintiffs did suffer tangible harm in that they incurred expenses for filing and prosecuting the motion for default judgment and have been unable to engage in any discovery, given the strong policy in favor of deciding cases on their merits, the court will exercise its discretion to allow the State to file its answer but will impose a sanction against the State for its inexcusable conduct in causing Plaintiffs to incur the attorney fees and expenses in preparing and prosecuting their motion for default judgment. The court will also hold the State's motion for summary judgment in abeyance pending completion of discovery.

In seeking entry of a judgment by default, Plaintiffs also rely on Rule 16(f) of the Federal Rules of Civil Procedure, which permits the court to impose sanctions "if a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference. . . ." Fed. R. Civ. P. 16(f) (made applicable in this proceeding by Fed. R. Bankr. P. 7016). One sanction that a court may impose is judgment by default under Rule 37(b)(2)(C). *Id.* The imposition of

6

05-03422-maw    Doc 30    FILED 12/05/07    ENTERED 12/05/07 14:03:00    Page 6 of 7

sanctions under Rule 16(f) is discretionary. *Harbison v. Investors Trading Co.*, 9 F.3d 107 (Table), 1993 WL 445089, *3 (6th Cir. Nov. 2, 1993).

In this case, the court finds that sanctions are warranted due to the State's inexcusable failure to attend the February 7, 2006, pretrial conference as ordered by the court. However, the court declines to impose the harsh sanction of judgment by default. Rather, under the authority of both Rule 16(f) and *Shepard*, the court will require the State to pay the reasonable attorney fees and expenses incurred by Plaintiffs as a result of the State's failure to file a timely answer and to attend the February 7 pretrial conference.

In light of the court's ruling that the State may file its untimely answer, the court will deny Plaintiff's motion for default judgment.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. # 17] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that the State's Motion for Leave to File Answer [Doc. # 21] be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that the State shall file its Answer on or before **January 4, 2008**; [4] and

**IT IS FURTHER ORDERED** that the State, as a sanction, reimburse Plaintiffs for the reasonable costs and attorney fees, as determined by the court, incurred in filing and prosecuting Plaintiffs motion for default judgment and motion for summary judgment and in attending the pretrial conference on February 7, 2006; and

**IT IS FURTHER ORDERED** that within fourteen days of entry of this Order, Plaintiffs' counsel shall submit to the court a billing statement and affidavit in support thereof, documenting the reasonable costs and attorney fees outlined above; and

**IT IS FURTHER ORDERED** that the State's motion for summary judgment [Doc. # 20] be held in abeyance until further order of the court; and

**IT IS FINALLY ORDERED** that a further pretrial conference will be held pursuant to Fed. R. Bankr. P. 7016 and Fed. R. Civ. P. 16 (a) on **January 15, 2008, at 10:30 o'clock a.m.**

---

[4] Although the State has filed an answer as a support document to its motion for leave to file an answer, it must now file the answer separately under the correct event code.