**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 05 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 04-34649 |
| | ) | |
| Paul V. Justen, Jr. and | ) | Chapter 7 |
| Linda M. Justen | ) | |
| | ) | Adv. Pro. No. 05-3422 |
| Debtor. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Paul V. Justen, Jr., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| State of Ohio, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER REGARDING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiffs' motion for summary judgment[1] [Doc.

---

[1] Plaintiffs' motion was filed as a motion for default judgment or, alternatively, for summary judgment. By separate order, the court has denied their motion for default judgment and has granted the State leave to file an untimely answer.

# 17] and the opposition filed by the State of Ohio ("the State") [Doc. # 20].[2] In this adversary proceeding, Plaintiffs, debtors in the underlying Chapter 7 case, seek to enjoin the State from pursuing a criminal prosecution of Plaintiff Paul V. Justen, Jr., for theft, which they contend is in violation of the automatic stay and/or discharge injunction.[3] The court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(b) and the general order of reference entered in this district. Proceedings to determine whether the automatic stay or discharge injunction have been violated are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2). For the reasons that follow, Plaintiffs' motion for summary judgment will be denied.

## FACTUAL BACKGROUND

Plaintiffs have filed no documents in support of their motion. They have, however, incorporated by reference Justen's affidavit that was attached as an exhibit to their Motion for Temporary Restraining Order and Preliminary Injunction[4] and which the court will consider for purposes of the summary judgment motion. Plaintiffs also rely on the allegations in their complaint being admitted due to the State's failure to file an answer. *See* Fed. R. Civ. P. 8(d). However, in light of the court's separate order granting the State leave to file its answer out of time, there is no basis for considering the allegations admitted. The State, in its opposition, submits only the affidavit of assistant prosecutor Khary Hanible, which is neither signed nor notarized, and, thus, does not constitute evidence properly considered on summary judgment. *See Nassif Ins. Agency, Inc. v. Civic Property and Cas. Co.,* Case No. 03-2618, 2005 WL 712578, *3 (6th Cir. 2005); *DeBruyne v. Equitable Life Assurance Soc'y,*, 920 F.2d 457, 471 (7th Cir.1990).

Notwithstanding the dearth of evidence before the court, the following undisputed facts are gleaned from the complaint and answer,[5] Justen's affidavit, and the court record[6]:

---

[2] The State's opposition includes a cross-motion for summary judgment. However, by separate order, the court has held the State's motion for summary judgment in abeyance pending further order of the court.

[3] Although the complaint does not specifically indicate the legal basis for seeking an injunction, the allegations in the complaint refer to steps in the criminal prosecution taken both during the pendency of Plaintiffs' Chapter 7 case and after Plaintiffs' discharge was entered and their Chapter 7 case was closed.

[4] The court denied that motion without prejudice on January 31, 2006. [Doc. # 10].

[5] The State's answer was submitted as a support document to its motion for leave to file an answer. [Doc. # 23]. The court granted the State's motion and ordered it to file the answer separately under the correct event code.

[6] The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990).

Plaintiff/Debtor, Paul V. Justen ("Justen"), served as President and owner of Service Products Insulation and Fire Barrier Corporation ("Service Products"). Service Products employed individuals represented by the International Association of Heat & Frost Insulators and Asbestos Workers' Local No. 45 ("Local 45"). Service Products' agreement with Local 45 required Service Products to provide certain payroll information and make certain payments to Local 45.

On June 3, 2004, Justen, together with his wife, filed a Chapter 7 bankruptcy petition. [Case No. 04-34649]. On August 23, 2004, they amended their Schedule F to include a claim asserted by Local 45. [*Id.*, Doc. # 17]. The deadline for filing a complaint objecting to discharge or to determine dischargeability of a debt under 11 U.S.C. § 523(a)(2), (4) or (6) in Plaintiffs' bankruptcy case was September 27, 2004. *See* 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c). No such complaint was filed and the court entered an order of discharge on September 29, 2004. [*Id.*, Doc. # 21]. A final decree was issued and the case was closed on October 5, 2004. [*Id.*, Doc. # 23].

A representative from Local 45 filed with the Toledo Police Department a criminal complaint against Justen. There is apparently some dispute regarding the date on which this complaint was filed. In their complaint, Plaintiffs allege that the complaint was filed during the pendency of their Chapter 7 case. In its answer, the State admits that the complaint was filed on May 24, 2004. Similarly, in the Motion for Temporary Restraining Order previously filed by Plaintiffs, they state that the complaint was filed on May 24, 2004. [Doc. # 5, Motion for TRO, p. 3]. The criminal complaint, however, is not a part of the record before the court. Nevertheless, there appears to be no dispute that the criminal complaint alleges that Service Products failed to pay Local 45 certain deductions from employee paychecks and that such failure constituted theft. The criminal complaint does not state that a bankruptcy was pending at the time. Justen acknowledges that Service Products incurred a debt owed to Local 45 for members' dues that were not paid over. [Motion for TRO, Ex. A, ¶4]. Based on the complaint filed by Local 45, Justen was indicted for theft under Ohio Revised Code § 2913.02(A)(2) and (B) on August 27, 2004. [*Id.,* ¶ 6]. The indictment is not a part of the record.

On the date of his arrest, a business manager for Local 45 told Justen that he was "just trying to collect his money." [*Id.*, ¶ 7]. And on April 27, 2005, another business manager for Local 45 told him that if he accepted an apprenticeship teaching position, his salary would be applied to the debt owed to the union and, although "it would be the choice of the State of Ohio as to whether the criminal charges for theft would be dropped," Local 45 would not "push the issue." [*Id.*, ¶ 8].

3

On July 7, 2005, Justen filed a motion to reopen the Chapter 7 case and a motion to enjoin the State of Ohio from prosecuting him for theft. The court granted the motion to reopen the case. But because the state criminal proceedings had subsequently been dismissed, the court denied as moot the motion to enjoin the State of Ohio. [*Id.*, Doc. # 44]. Thereafter, the case was closed again.

However, on September 16, 2005, the State of Ohio again presented the case to a grand jury and an indictment against Justen was reissued. On November 16, 2005, this court granted a second motion to reopen Justen's bankruptcy case. [*Id.*, Doc. # 54]. And on December 1, 2005, Plaintiffs filed the instant Complaint for Preliminary and Permanent Injunction to Enjoin State Criminal Proceedings as to Paul V. Justen, Jr. [Case No. 05-3422, Doc. #1]. Thereafter, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction, which the court denied on January 31, 2006. After denial of the motion, Justen pled no contest to the criminal charges and was found guilty of a fourth degree misdemeanor. According to Plaintiffs, Justen's conviction resulted in a thirty-day suspended sentence and a restitution order. However, the state court judgment is not part of the record before the court.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). In order to prevail, the movant must prove all elements of the cause of action or defense. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). Once that burden is met, however, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986); *60 Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986).

### II. Plaintiffs' Motion for Summary Judgment

In their motion, Plaintiffs seek an order declaring the state court order of restitution against Justen

to be unenforceable.[7] They contend that the commencement of criminal proceedings against Justen was for the primary purpose of collecting a debt and that in doing so, the State violated both the automatic stay provisions of 11 U.S.C. § 362 and the discharge injunction under 11 U.S.C. § 524(a)(2). The Bankruptcy Code's provision that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," 11 U.S.C § 105(a), has been construed as providing Congressional authorization to enjoin state criminal proceedings when necessary to protect the integrity of bankruptcy courts and laws. *See, e.g., Howard v. Allard*, 122 B.R. 696, 700 (W.D. Ky. 1991); *Berg v. Turow (In re Berg)*, 172 B.R. 894, 897 (Bankr. E.D. Wis. 1994) (explaining that § 105(a) together with the § 524 discharge injunction provides an exception to the Anti-Injunction Act). Nevertheless, the court finds the undisputed evidence, viewed in a light most favorable to the State, does not warrant the relief requested by Plaintiffs.

It is undisputed that Justen's criminal prosecution was commenced by the State after Plaintiffs' bankruptcy petition was filed. Plaintiffs' theory under which they seek to enjoin Justen's criminal prosecution or to declare the criminal restitution order unenforceable is that the criminal prosecution was commenced for the purpose of collecting a debt. Although the commencement or continuation of a criminal action is not subject to the automatic stay provisions of the Bankruptcy Code, *see* 11 U.S.C. § 362(b)(1), courts have found this exception inapplicable where the criminal proceeding is commenced for the primary purpose of collecting a debt, *see Batt v. American Rent-All (In re Batt)*, 322 B.R. 776, 779 (Bankr. N.D. Ohio 2005); *Dovell v. Guernsey Bank (In re Dovell)*, 311 B.R. 492, 494 (Bankr. S.D. Ohio 2004). Similarly, courts have found that a violation of the discharge injunction may occur where the prosecutor pursues prosecution for the purpose of collecting a debt discharged in bankruptcy or to impose sanctions for failure to pay such a debt rather than to deter crime or to punish or rehabilitate the accused. *Evans v. Bank of Eureka Springs (In re Evans)*, 245 B.R. 852, 855 (Bankr. W.D. Ark. 2000); *In re McMullen*, 189 B.R. 402, 406 (Bankr. E.D. Mich. 1995)(listing cases). While either circumstance may warrant enjoining a criminal prosecution, "[w]here there is a legitimate motivation, the prosecution will not be enjoined because the bankruptcy courts 'were not created as a haven for criminals.'" *Evans*, 245 B.R. at 857 (quoting *Barnette*

---

[7] Plaintiffs also request an order granting summary judgment on their complaint, which, of course, seeks to enjoin Justen's criminal prosecution. The parties have not addressed the significance of Justen's conviction as it relates to the relief requested. However, the court assumes that the only remaining controversy is the State's ability, or lack thereof, to enforce the restitution order.

5

*v. Evans*, 673 F.2d 1250, 1251 (11th Cir. 1982)). It is Plaintiffs' burden to demonstrate that the prosecution is pursued for the primary purpose of collecting a debt discharged in bankruptcy. *Id.*; *McMullen*, 402 B.R. at 407.

Plaintiffs offer evidence indicating that, in filing the criminal complaint, it was the intent of the representative of Local 45 to collect a debt owed to the union. While the intentions of a complaining witness are not controlling in determining whether a legitimate motivation for the prosecution exists, *Evans*, 245 B.R. at 856, Plaintiffs argue that motivation of the Local 45 representative should be imputed to the prosecutor. In order to prevail under this theory, it is incumbent upon Plaintiffs to present some evidence showing that the prosecutor is acting on behalf of Local 45 rather than on behalf of the citizens of the state in proceeding with the criminal case. *See Swain v. Dredging, Inc. (In re Swain)*, 325 B.R. 264, 269 (B.A.P. 8th Cir. 2005) (stating that a prosecutor acts on behalf of the citizens of the state and finding no agency relationship where the prosecuting attorney was not acting on behalf of nor subject to the control of the victim or complaining witness); *McMullen*, 189 B.R. at 412-13 (rejecting the argument that the motive of the complaining witness may be automatically imputed to the prosecutor). For example, a court may conclude that a prosecutor has some motive other than enforcing the state's criminal statutes and rehabilitating an offender for the benefit of society where "the evidence against the defendant is such that there is little likelihood of a guilty verdict being rendered" or where "there is a 'cozy' relationship between the prosecutor and the creditor who could stand to financially benefit from prosecution." *Id.* at 411. A court might also consider whether or not the prosecutor made his own determination that prosecution was warranted in determining whether to impute the motives of the complaining witness to the prosecutor. *Dovell*, 311 B.R. at 495. In other words, in order to impute a creditor's motive for filing a criminal complaint to the prosecutor, the record must show that the prosecution was undertaken as a favor to the creditor to help get its debt collected using the machinery of the criminal justice system.

In this case, there is no evidence that the prosecutor's evidence against Justen was insufficient to support a guilty verdict and, in fact, he was found guilty of a fourth degree misdemeanor. There is also no evidence that the prosecutor had any special relationship with Local 45 or its representative. The fact that the prosecutor did not prosecute Justen for theft on behalf of any other creditor as Plaintiffs contend, without some evidence that any other creditor filed a criminal complaint or made the prosecutor aware of criminal conduct of Justen, does not warrant an inference that the prosecutor had a "cozy" relationship with Local 45 or acted in bad faith or for an illegitimate purpose in Justen's prosecution.

Relying on *Dovell,* Plaintiffs argue that there is no evidence in this case that the state prosecutor performed an independent investigation into the matter in order to insure that the allegations in the criminal complaint were accurate. However, unlike in *Dovell* where the lack of an independent investigation was demonstrated in the state prosecutor's affidavit, Plaintiffs present no evidence at all regarding what steps if any were taken by the prosecutor in determining whether Justen's prosecution was warranted. Plaintiffs also offer, but do not explain the significance of, the fact that the police report filed at the instance of Local 45's representative does not mention Justen's bankruptcy. There is a dispute as to whether the report was filed post-petition or whether it was filed prepetition, in which case, of course, it would not mention Plaintiffs' bankruptcy. In any event, the court finds this fact has no relevance to a determination of whether Local 45's motive should be imputed to the prosecutor or otherwise in determining the prosecutor's motivation in pursuing the criminal prosecution.

Finally, Plaintiffs argue that the fact that the prosecutor sought restitution in the criminal case is evidence of motivation to collect a discharged debt and, thus, of his bad faith in pursuing the criminal prosecution. However, this fact alone does not render a criminal prosecution in bad faith because restitution furthers interests of the state. *Evans*, 245 B.R. at 857 (citing *Fussell v. Price (In re Fussell),* 928 F.2d 712, 716 (5th Cir. 1991)). As the Supreme Court explained in *Kelley v. Robinson*, 479 U.S. 36, 52-53 (1986):

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant. . . . Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for ... compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State.

*Kelly v. Robinson* 479 U.S. 36, 52-53 (1986).

In light of the foregoing, the court concludes that Plaintiffs are not entitled to judgment as a matter of law at this time, and their motion for summary judgment will be denied.

**THEREFORE,** good cause appearing,

**IT IS ORDERED** that Plaintiffs' motion for summary judgment [Doc. # 17] be, and hereby is, **DENIED,** without prejudice.