**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

FILED

2008 Oct 02 PM 04:32

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 04-34649 |
| | ) | |
| Paul V. Justen, Jr., and | ) | Chapter 7 |
| Linda M. Justen, | ) | |
| | ) | Adv. Pro. No. 05-3422 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Paul V. Justen, Jr., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| State of Ohio, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on a motion for summary judgment [Doc. # 20] and a supplemental memorandum in support of summary judgment filed by Defendant State of Ohio ("the State") [Doc. # 69], Plaintiffs' opposition and sur-reply [Doc. # 75 & 81], and the State's reply and response to the sur-reply [Doc. # 77 & 87]. In their adversary complaint, Plaintiffs, debtors in the underlying Chapter 7 case, seek to enjoin the State from pursuing a criminal prosecution of Plaintiff Paul V. Justen, Jr., for theft.

They contend that the prosecution violates the automatic stay and/or the discharge injunction.[1]

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine whether the automatic stay or discharge injunction have been violated are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2). For the reasons that follow, the State's motion for summary judgment will be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed. Plaintiff/Debtor, Paul V. Justen ("Justen"), served as President and owner of Service Products Insulation and Fire Barrier Corporation ("Service Products"). Service Products employed individuals represented by the International Association of Heat & Frost Insulators and Asbestos Workers' Local No. 45 ("Local 45"). Service Products' collective bargaining agreement with Local 45 required Service Products to withhold union dues and vacation deductions from its employees' pay and to transfer those funds to Local 45 on a monthly basis. [Doc. # 69, Ex. A., Haupricht Aff. ¶ 6]. From June 1, 1999, through May 1, 2004, Justen withheld the requisite union dues and vacation deductions but failed to transfer those funds to Local 45. [*Id.* ¶ 8]. On May 24, 2004, after unsuccessfully trying to contact Justen to request payment of the funds owed to Local 45, Michael Haupricht, Local 45's business manager at the time, filed a crime report with the Toledo Police Department, alleging that Justen wrongfully took over $32,000 worth of union dues and vacation deductions from Local 45. [*Id.* at ¶ 10-11]. No other creditor filed a criminal complaint against Justen. [Doc. # 77, Ex. C, Second Kaminski Aff. ¶ 6 & 7].

On June 3, 2004, Justen, together with his wife, filed a Chapter 7 bankruptcy petition. [Case No. 04-34649]. On August 23, 2004, they amended their Schedule F to include a claim in the amount of $32,766.03 asserted by Local 45. [*Id.*, Doc. # 17]. Plaintiffs' Schedule F included ten creditors in addition to Local 45 and set forth total unsecured nonpriority claims in the amount of $162,338,87. [Pl. Ex. 1]. The deadline for filing a complaint objecting to discharge or to determine dischargeability of a debt under 11 U.S.C.

---

[1] Although the complaint does not specifically indicate the legal basis for seeking an injunction, the allegations in the complaint refer to steps in the criminal prosecution taken both during the pendency of Plaintiffs' Chapter 7 case and after Plaintiffs' discharge was entered and their Chapter 7 case was closed.

2

§ 523(a)(2), (4) or (6) in Plaintiffs' bankruptcy case was September 27, 2004. *See* 11 U.S.C. § 523(c);[2] Fed. R. Bankr. P. 4007(c). No such complaint was filed and the court entered an order of discharge on September 29, 2004. [*Id.*, Doc. # 21]. As the case was a no asset case, a final decree was issued and the case was closed on October 5, 2004. [*See id.*, Doc. # 11 & 23].

In the meantime, the criminal complaint filed by Local 45 was assigned to an officer in the Toledo Police Department theft unit, Detective Timothy Kaminski. [Doc. # 69, Ex. B, ¶ 4]. According to Kaminski, he investigated the case as he would any other theft unit case. [*Id.* at ¶ 6]. During his investigation, he unsuccessfully attempted to contact Justen in person, by telephone and by mail. [*Id.* at ¶ 10]. As part of the investigation, Haupricht and counsel for Local 45 provided documentation of the funds withheld but not remitted to Local 45. [*Id.* at ¶ 8]. Kaminski also fielded telephone calls from some Service Products' employees who complained of losing money as a result of Justen's failure to remit the withheld funds to Local 45. [*Id.* at ¶ 11]. After screening the case through an Assistant Prosecuting Attorney, the case was presented to the Lucas County Grand Jury. [*Id.* at ¶ 12]. On August 27, 2004, the grand jury returned an indictment charging Justen with one count of grand theft in violation of Ohio Revised Code § 2913.02(A)(2) and (B)(2), a fourth degree felony. [*Id.* at ¶ 14].

On the date of Justen's arrest, Haupricht told Justen that he was "just trying to collect his money." [Doc. # 5, Justen Aff. ¶ 7].[3] And later, on April 27, 2005, another business manager for Local 45 told him that if he accepted an apprenticeship teaching position, his salary would be applied to the debt owed to the union and, although "it would be the choice of the State of Ohio as to whether the criminal charges for theft would be dropped," Local 45 would not "push the issue." [*Id.*, ¶ 8].

The criminal case was assigned to Khary Hanible, an Assistant Prosecuting Attorney for Lucas County, Ohio. He reviewed the indictment and a supplemental report and interviewed Haupricht as well as two other representatives of Local 45. He also collected the records necessary for the prosecution of the case with the assistance of the parties interviewed. [Doc. # 69, Ex. D, Hanible Aff. ¶ 6]. The case was set

---

[2] Because Plaintiffs' bankruptcy case was filed before October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), all references to the Bankruptcy Code in this opinion are to the pre-BAPCPA version of the Code. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, sec. 1501(b)(1), Pub. L. No. 109-8, 119 Stat. 23, 216 (stating that, unless otherwise provided, the amendments do not apply to cases commenced under Title 11 before the effective date of the Act).

[3] Plaintiffs incorporate by reference Justen's affidavit that was attached as an exhibit to their Motion for Temporary Restraining Order and Preliminary Injunction.

3

for trial on July 25, 2005. However, on July 7, 2005, Justen filed in this court a motion to reopen the Chapter 7 case and a motion to enjoin the State of Ohio from prosecuting him for theft. The court granted the motion to reopen the case and set the motion to enjoin for hearing. Consequently, in light of the possibility that this court would issue injunctive relief, and concerned regarding the age of the case and the effort and resources to be expended, Hanible requested, and the state court granted, dismissal of the criminal charges against Justen without prejudice, pending the outcome of the bankruptcy court hearing. [*Id.* at ¶ 10-11; Ex. F, p. 3]. On that same date, this court granted Plaintiffs' motion for expedited hearing on a Motion for Temporary Stay of Criminal Proceedings and set a hearing for the next day, July 22, 2008. Unable to attend that hearing, in a memorandum dated July 21, 2008, Hanible provided Assistant Prosecuting Attorney Ian English the following instructions for handling the hearing.

> The facts of the case are that for a number of months, even extending into years, the defendant failed to forward monies that belonged to union employees to the Union representatives for distribution. The Union representatives gave notice of delinquency to the defendant and were prepared to file a lawsuit when the defendant entered into bankruptcy. At the hearing tomorrow, the only position that the state has is that regardless of whether the state is enjoined from pursuing restitution in the matter, the state intends [to] pursue charges for theft as a result of *independent investigation* by the state and its officers. It is the position of the state, that at trial testimony will show that the defendant did in fact know that he was to forward those monies to the union officers, and that he not only failed to do so, but never intended to do so, thus meeting the required elements for theft. As to the issue of restitution, the state will defer to the bankruptcy court and intends only to seek justice for the victims from whom these funds were stolen.

[*Id.* at ¶ 14 and attached Ex. 1 (emphasis in original)]. The hearing did not take place, however, because Plaintiffs withdrew their Motion for Temporary Stay, stating that the criminal case had been dismissed without prejudice. [Case. No. 04-34649, Doc. # 41]. Thereafter, this court denied as moot Plaintiff's motion to enjoin the State of Ohio, and the case was closed again. [Case. No. 04-34649, Doc. # 44, 48].

However, on September 16, 2005, the State of Ohio again presented the case to a grand jury and Justen was re-indicted on a grand theft charge. [Hanible Aff. ¶ 16]. On November 16, 2005, this court granted a second motion to reopen Justen's bankruptcy case. [Case. No. 04-34649, Doc. # 54]. And on December 1, 2005, Plaintiffs filed the instant Complaint for Preliminary and Permanent Injunction to Enjoin State Criminal Proceedings as to Paul V. Justen, Jr. [Case No. 05-3422, Doc. #1]. Thereafter, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction, which the court denied on January 31, 2006. After denial of the motion, Justen pled no contest to the lesser included offense

4

of unauthorized use of property, a fourth degree misdemeanor and was found guilty of that offense. [Doc. # 69, Def. Ex. I & J]. During the plea negotiation period, Hanible explained to the attorneys for Local 45 on several occasions that restitution was unlikely and that the only clear conclusion of the criminal case would be the criminal punishment of Justen's conduct. [*Id.*, Hanible Aff. ¶ 18]. On February 7, 2006, the state court imposed a thirty-day suspended sentence with two years probation and, as a condition of probation, ordered Justen to pay restitution in the amount of $32,766.03. [*Id.*, Def. Ex. J].

On April 21, 2006, a representative of Local 45 filed criminal complaints against Justen in the Toledo Municipal Court based upon the same failure to pay $32,766.03 in union dues and vacation deductions that his criminal conviction in state court was based. [Doc. # 81, Pl. Ex. 1 & 2]. Justen was charged with five counts of failure to make semimonthly payment of wages, violations of the Toledo Municipal Code § 4113.15. [*Id.* Pl. Ex. 2]. According to Plaintiff, that matter remains pending.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

**II. The State's Motion for Summary Judgment**

At issue in this case is whether the commencement and continuation of the State's prosecution of Justen, including enforcement of the restitution order, violates the automatic stay imposed under 11 U.S.C. § 362(a) and/or the discharge injunction imposed under 11 U.S.C. § 524(a).[4] The State argues that it is entitled to summary judgment on these issues. Specifically, it argues that, regardless of the prosecutor's motive, criminal proceedings are excepted from the automatic stay under § 362(b) and, even if motive is considered, there is no evidence that it was improper. The State further argues that it did not violate the discharge injunction since a state court's restitution order is excepted from discharge and because the prosecutor pursued the prosecution for a proper purpose, to punish Justen's criminal activity. Plaintiffs respond by arguing that genuine issues of material fact exist regarding whether the prosecutor was acting for an improper purpose, i.e. to collect a debt, in commencing and pursuing the criminal prosecution of Justen and, therefore, that summary judgment should be denied.

**A. The Automatic Stay**

It is undisputed that Justen's criminal prosecution was commenced by the State after Plaintiffs' bankruptcy petition was filed. Under § 362(a), the filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . . ." 11 U.S.C. § 362(a)(1) and (a)(6). However, § 362(b)(1) excepts from the stay the "commencement or continuation of a criminal action or proceeding against the debtor."

As one court observed, "[t]here is an obvious tension here between the federal interest in promoting the bankruptcy code's aims and the states' interest in protecting the well-being of their citizens." *In re Caravona*, 347 B.R. 259, 265 (Bankr. N.D. Ohio 2006). As a result, there is a split of authority in the proper interpretation of the criminal prosecution exception in § 362(b)(1). One interpretation is that the exception is an absolute exception, regardless of the prosecutor's motive or bad faith. *See, e.g., Dovell v. Guernsey*

---

[4] Although, in their complaint, Plaintiffs seek to enjoin Justen's criminal prosecution, with respect to a violation of the already existing discharge injunction, it is more accurate to characterize the relief sought as declaratory rather than injunctive. *See In re McMullen,* 189 B.R. 402, 404 (Bankr. E.D. Mich. 19995). As noted in *McMullen*, however, "[f]rom a practical standpoint, . . . a determination that the prosecution is contrary to § 524(a)(2) would be tantamount to issuing an injunction." *Id.*

6

*Bank*, 373 B.R. 533, 537-40 (S.D. Ohio 2007) (rejecting the bankruptcy court's analysis to the contrary); *Gruntz v. Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084-87 (9th Cir. 2000). Another interpretation is that the exception does not apply when the primary motivation of the criminal prosecution is collection of a debt. *See Batt v. Am. Rent-All (In re Batt)*, 322, B.R. 776, 779 (Bankr. N.D. Ohio 2005). Under a third interpretation, the exception applies regardless of the prosecutor's motive but, at a debtor's request, the bankruptcy court has the power under § 105(a) to enjoin the criminal proceedings when they are initiated for the purpose of collecting a debt that has been or might be discharged in the bankruptcy case. *See In re Caravona*, 347 B.R. 259, 266 (Bankr. N.D. Ohio 2006); *Howard v. Allard*, 122 B.R. 696, 699 (W.D. Ky. 1991).

This court need not decide which interpretation controls since Plaintiffs have failed to show a genuine issue of material fact regarding the prosecutor's motive in commencing and continuing Justen's criminal prosecution, an issue on which Plaintiffs carry the burden of proof. *See Evans v. Bank of Eureka Springs (In re Evans)*, 245 B.R. 852, 857 (Bankr. W.D. Ark. 2000); *In re McMullen*, 189 B.R. 402, 407 (Bankr. E.D. Mich. 1995). The State has offered evidence that the investigating officer conducted an independent investigation, meeting with representatives of Local 45, reviewing documentation of Justen's withholding of funds for union dues and vacation deductions, and attempting to contact Justen, albeit unsuccessfully. Likewise, the prosecutor interviewed representatives of Local 45 and collected documentary evidence, both of which supported the allegations in the criminal complaint. The evidence was submitted to the grand jury, and the grand jury returned an indictment charging Justen with grand theft. The prosecutor indicated that he would pursue Justen's criminal prosecution for theft regardless of whether the State was enjoined from pursuing restitution.

Plaintiffs, for their part, offer evidence and argument that they believe show that the prosecutor was acting on behalf of Local 45 rather than on behalf of the citizens of the State of Ohio in proceeding with the criminal case. They offer evidence indicating that, in filing the criminal complaint, it was the intent of representatives of Local 45 to collect the debt owed to it. While the intentions of a complaining witness are not controlling in determining whether the prosecutor acted for a proper purpose, Plaintiffs argue that the motivation of the Local 45 representatives should be imputed to the prosecutor. *See In re McMullen*, 189 B.R. at 412-13 (rejecting the argument that the motive of the complaining witness may be automatically imputed to the prosecutor); *Swain v. Dredging, Inc. (In re Swain)*, 325 B.R. 264, 269 (B.A.P. 8th Cir. 2005) (stating that a prosecutor acts on behalf of the citizens of the state and finding no agency relationship where

the prosecuting attorney was not acting on behalf of nor subject to the control of the victim or complaining witness). In order to impute a creditor's motive for filing a criminal complaint to the prosecutor, the record must show that the prosecution was undertaken as a favor to the creditor. Situations that might suggest such an improper motive include those where "the evidence against the defendant is such that there is little likelihood of a guilty verdict being rendered" or where "there is a 'cozy' relationship between the prosecutor and the creditor who could stand to financially benefit from prosecution." *In re McMullen*, 189 B.R. at 411.

In this case, the evidence against Justen was clearly sufficient to support a guilty verdict and, in fact, he was found guilty of a fourth degree misdemeanor. Nevertheless, in an attempt to create an issue of fact, Plaintiffs argue that an improper motive may be inferred by the fact that the State did not contact other creditors of Justen or Service Products during its criminal investigation. According to Plaintiffs, this failure is evidence that Justen's prosecution was undertaken as a favor to Local 45. However, Local 45 was the only creditor that filed a criminal complaint and, as the State argues, the complaint was based upon facts specific to Local 45, the theft of over $32,000 worth of union dues and vacation deductions. There is no evidence of any other illegal activity associated with the debts owed to any other creditor that might have required an investigation, and Plaintiffs fail to explain how contacting other creditors would have aided the prosecutor's investigation of the criminal case to which he was assigned. Moreover, there is no evidence that the prosecutor even knew that Justen had filed bankruptcy until approximately two weeks before the criminal case was set for trial when Justen filed a motion to reopen his bankruptcy case and a motion to enjoin the State from prosecuting him.

Plaintiff also contends that the State's inexcusable failure to attend the initial pretrial conference in this adversary proceeding and to timely respond to Plaintiffs' motion for default judgment is evidence that the prosecutor's primary motive was to collect the debt owed to Local 45. Plaintiffs suggest that such an inference is warranted because, at that time, "Local 45's individual debt having been already collected, [the State's] purpose had been satisfied." [Doc. # 75, p. 12]. While it is true that Justen had already been sentenced at the time of the pretrial conference and that restitution had been ordered, there is no evidence that the restitution had at that time, or has since, been collected from Justen. In any event, the court held a hearing on Plaintiffs' motion for default judgment and the State's motion for leave to file an answer, at which the State appeared, and thereafter entered an order granting the State's motion. [Doc. # 30]. Although the court did find sanctions warranted due to the State's inexcusable neglect in failing to attend the initial pretrial conference, it found the neglect inexcusable because it was due to the prosecutor's ignorance of,

8

and/or mistake construing, the law and relevant bankruptcy rules.[5] [*Id.* at 6]. The prosecutor's neglect is not evidence of his motive in pursuing the criminal prosecution.

Finally, Plaintiffs offer evidence that Local 45 filed criminal complaints against Justen in Toledo Municipal Court on April 21, 2006. While this may certainly be evidence of Local 45's violation of the discharge injunction,[6] it simply is not relevant to the motivation of the State prosecutor in commencing and pursuing Justen's criminal prosecution.

In light of the fact that Plaintiffs have failed to set forth any facts showing a genuine issue of material fact as to the prosecutor's motive, under any of the three interpretations of § 362(b)(1) discussed above, the State is entitled to summary judgment as to Plaintiffs' claim that the State violated the automatic stay.

### B. The Discharge Injunction

A bankruptcy discharge operates as an injunction against the commencement or continuation of an action to collect a discharged debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2). While a debt resulting from a state court restitution order is excepted from discharge under § 523(a)(7), *see Kelley v. Robinson*, 479 U.S. 36, 50-52 (1986), courts have found that a violation of the discharge injunction may occur where the prosecutor pursues prosecution for the purpose of collecting a debt discharged in bankruptcy or to impose sanctions for failure to pay such a debt rather than to deter crime or to punish or rehabilitate the accused. *Evans*, 245 B.R. at 855; *In re McMullen*, 189 B.R. at 406 (listing cases). However, "[w]here there is a legitimate motivation, the prosecution will not be enjoined because the bankruptcy courts 'were not created as a haven for criminals.'" *Evans*, 245 B.R. at 857 (quoting *Barnette v. Evans*, 673 F.2d 1250, 1251 (11th Cir. 1982)).

In an attempt to show a genuine issue for trial, Plaintiffs rely on the same evidence relied on with respect to the claim of a violation of the automatic stay. For the reasons discussed above, none of Plaintiff's evidence and/or arguments are relevant in determining whether there was a legitimate motivation in prosecuting Justen.

---

[5] The assistant prosecutor representing the State attended a hearing on Plaintiffs' motion for temporary restraining order, which took place several weeks before the initial pretrial conference. After the court denied the motion and after subsequently being contacted by Justen's attorney to work out a resolution of the criminal matter, the assistant prosecutor mistakenly believed the case was resolved and required no further participation by the prosecutor's office. [*See* Doc. 30, p. 6].

[6] While the first criminal complaint filed by Local 45 representatives was filed before the commencement of Plaintiffs' bankruptcy case, Local 45 clearly was aware of Justen's discharge when the complaint was filed in Toledo Municipal Court. However, neither Local 45 nor any of its representatives are parties in this proceeding.

9

## CONCLUSION

For all of the foregoing reason, the court finds that Plaintiffs have failed to set forth any facts from which the court could conclude that Justen's prosecution was pursued for an improper purpose. The State is, therefore, entitled to summary judgment both to the extent Plaintiffs seek an injunction based on a violation of the automatic stay and to the extent they seek a declaration that Justen's prosecution violates the discharge injunction.

**THEREFORE,** good cause appearing,

**IT IS ORDERED** that the State's motion for summary judgment [Doc. # 20 & 69] be, and hereby is, **GRANTED.** A separate judgment in accordance with this Memorandum of Decision and Order will be entered.